QUINN EMANUEL URQUHART & SULLIVAN, LLP
  J.D. Horton
  jdhorton@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant Pfizer Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

IN RE LIPITOR, JCCP 4761            )        CASE NO.:  2:18-cv-1725
                                    )
                                    )        NOTICE OF REMOVAL
                                    )

        Defendant Pfizer Inc. ("Pfizer"), by its undersigned attorneys, hereby gives notice of the removal of this mass action, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, to the United States District Court for the Central District of California. As grounds for removal, Pfizer states as follows:

## **BACKGROUND**

        1.      This civil action is a single mass action under the Class Action Fairness Act (CAFA) consisting of 156 California state-court lawsuits involving more than 4,300 Plaintiffs[1] from around the country who allege they developed type II diabetes

---

[1]  A complete listing of all Plaintiffs involved in this mass action is attached hereto as Exhibit A.  All exhibits are attached to the supporting Declaration of J.D. Horton.

1
NOTICE OF REMOVAL

as a result of their use of Lipitor, a prescription medication manufactured by Pfizer. (*See, e.g.*, Complaints, Ex. B-1 through B-156.)[2]

2.     This is the second removal of many of these actions, but on new grounds and based on intervening developments.  Pfizer previously removed several of these and other actions to this District (and others) under the "mass action" provisions of the Class Action Fairness Act on the basis that the proposed inclusion of thousands of Plaintiffs in the California coordinated proceeding for Lipitor cases, JCCP 4761, meant that the claims of more than 100 persons were "proposed to be tried jointly."  28 U.S.C. § 1332(d)(11).  Judge Carney held that Plaintiffs' proposal to form and join the Lipitor JCCP was a proposal for joint trial, *see Corber v. Xanodyne Pharms., Inc.*, 771 F.3d 1218 (9th Cir. 2014), but determined that no mass action resulted for the California Lipitor cases because fewer than 100 plaintiffs joined that proposal by filing petitions or add-on petitions to join the JCCP.  *In re Pfizer*, 2017 WL 2257635 (C.D. Cal. May 23, 2017).  The Ninth Circuit declined to review the remand orders in those cases.  *See Abrams v. Pfizer Inc.*, 17-80094 (9th Cir. Nov. 17, 2017).

3.     After the Ninth Circuit declined to review the remand of the California Lipitor cases, the Hon. Debre K. Weintraub, the Supervising Judge of the Civil Department of the Los Angeles County Superior Court, entered an order invoking the add-on procedures for the JCCP and requesting that 62 actions involving thousands of Plaintiffs be added to the JCCP (Order, Ex. C), in which 7 actions

---

[2]   Two actions named additional defendants, including Greenstone (a subsidiary of Pfizer), Kaiser Permanente, and Kaiser Downey Pharmacy.  *See Smith et al. v. Pfizer et al.* (BC617993); *Smith et al. v. Pfizer et al.* (BC594196).  The presence of these additional defendants does not affect the minimal diversity on which mass action jurisdiction depends, nor is Pfizer required to obtain the consent of these co-Defendants prior to removal.

involving 49 Plaintiffs were already pending.  (List of JCCP Cases, Ex. D.)  The coordination trial judge then entered an order inviting the parties to respond and object to that proposal for coordination.  (Ex. E.)  No Plaintiff objected to that proposal, and in fact, Plaintiffs' leadership affirmatively responded by identifying 81 additional actions that "share common questions of law or fact" with the cases in the JCCP.  (Ex. F.)

4.    The coordination trial judge then issued an Order granting Judge Weintraub's request and added the 62 actions identified by Judge Weintraub to the coordinated proceeding.  (Order, Ex. G.)  In that Order, the coordination trial judge also asked the parties to address whether additional pending Lipitor cases not already part of the JCCP could be added without a request from Judge Weintraub.  The parties "agreed that [the JCCP], *sua sponte*, may add on to th[e] coordinated proceeding cases that raise similar issues involving the drug Lipitor."  (Order, Ex. H) (emphasis added.)  The JCCP then *sua sponte* ordered that an additional 88 cases, involving thousands of plaintiffs, be added into the JCCP.  (Order, Ex. I.)  Thus, the claims of more than 100 Plaintiffs have now been joined to the JCCP.

5.    Plaintiffs' proposal to form the JCCP, together with Judge Weintraub's request, as well as both JCCP Orders, all constitute a proposal that the claims in these actions be tried jointly, thus rendering them removable as a mass action. CAFA authorizes mass action removal where 100 claims are "proposed to be tried jointly," unless the proposal is made by the Defendant.  *See* 28 U.S.C. § 1332(d)(11)(B)(ii)(II).  Thus, the Ninth Circuit has repeatedly recognized that a *sua sponte* action by a court may effect a "proposal" for claims to be tried jointly triggering CAFA removal.  *See Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1048 (9th Cir. 2015); *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953 (9th Cir. 2009). Here, the *sua sponte* actions of the California Superior Court in proposing addition of the claims of over 100 plaintiffs to the coordinated proceeding, which Judge

3
NOTICE OF REMOVAL

Carney has already held constitutes a proposal for claims to be tried jointly, render these cases subject to mass action jurisdiction.

6. Pfizer therefore removes these actions to this District as a single mass action.

## GROUNDS FOR REMOVAL

## I. THESE CASES ARE REMOVABLE UNDER CAFA'S MASS ACTION PROVISIONS

7. These cases are removable pursuant to the mass action provisions of CAFA, enacted within the diversity jurisdiction statute at 28 U.S.C. § 1332(d)(11). CAFA authorizes removal of "mass actions," which it defines as a civil action that meets the following requirements:

a. It involves the monetary relief claims of 100 or more persons that are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact, *see id.* § 1332(d)(11)(B)(i);

b. The aggregate amount in controversy exceeds $5,000,000 and the claims of the individual plaintiffs each exceed the amount of $75,000, *see id.* §§ 1332(a), (d)(2), (d)(11)(B)(i); and

c. Any plaintiff is a citizen of a State different from any defendant, *see id.* § 1332(d)(2)(A).

8. As set forth below, these actions satisfy all the jurisdictional requirements for a mass action. In addition, Pfizer has satisfied all procedural requirements for removal of a mass action pursuant to 28 U.S.C. §§ 1446 and 1453. Accordingly, mass action removal is proper.

### A. The Court Proposed That the Claims of More Than 100 Persons Be Tried Jointly

9. These cases are removable as a mass action because Plaintiffs' proposal to form the JCCP, together with Judge Weintraub's proposal and the orders of the

4
NOTICE OF REMOVAL

coordination trial judge, which joined more than 4,300 Plaintiffs to the California Lipitor JCCP, constitute a proposal to try the claims of those Plaintiffs jointly.

10.    CAFA expressly provides that a "mass action" is "any civil action ... in which monetary relief claims of 100 or more persons are proposed to be tried jointly on the ground that the plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i).  The Ninth Circuit has held *en banc* that a petition to coordinate claims in California state court involving more than 100 Plaintiffs constitutes a proposal for joint trial that gives rise to mass action removal.  *Corber v. Xanodyne Pharms., Inc.*, 771 F.3d 1218 (9th Cir. 2014).  Consistent with *Corber*, Judge Carney previously held that a proposal to join the Lipitor JCCP constituted a proposal for joint trial.  *In re Pfizer*, 2017 WL 2257635 (C.D. Cal. May 23, 2017).

11.    While the statute makes clear that "the term 'mass action' shall not include any civil action in which ... the claims are joined upon motion of a defendant," the text and structure of CAFA also makes clear that a "propos[al]" to create a mass action can come from a state court as well as from Plaintiffs.  Multiple courts of appeal, including the Ninth Circuit, have recognized the "possib[ility] that a proposal by a state court for a joint trial would qualify as a 'proposal' under § 1332(d)(11)(B)(i)." *See Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1048 (9th Cir. 2015); *see also Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 953 (9th Cir. 2009); *Parson v. Johnson & Johnson*, 749 F.3d 879, 887 (10th Cir. 2014); *Scimone v. Carnival Corp.*, 720 F.3d 876, 881 (11th Cir. 2013).  Indeed, last year, the Ninth Circuit granted interlocutory review under CAFA of a decision of this District that held that a state court's *sua sponte* consolidation does not qualify as a proposal for joint trial under CAFA.  *See Alexander et al. v. Bayer Corp.*, No. 17-55828 (9th Cir.) (settled on appeal).

12.    Here, Judge Weintraub *sua sponte* invoked the add-on procedures of the Lipitor JCCP and requested that 62 Lipitor actions, which comprise the claims

5
NOTICE OF REMOVAL

of 2,335 individual Plaintiffs, "should be joined" to the Lipitor JCCP currently proceeding in Los Angeles County Superior Court, because "it would be extremely burdensome for the Los Angeles Superior Court to handle the cases ... individually and outside of a coordinated proceeding." (*See* Order, Ex. C.) No Plaintiff objected. The coordination trial judge then ordered that those 62 cases be coordinated and *sua sponte* ordered that an additional 88 cases, involving thousands of additional plaintiffs, be added into the JCCP. (*See* Ex. G.) Accordingly, these actions of the coordination trial judge constitute a proposal that the claims of more than 100 persons be tried jointly within the meaning of CAFA.

13.    In addition, Plaintiffs' leadership's submission to the Lipitor JCCP stating that "Judge Weintraub's request included only a partial list of all pending California state court Lipitor cases," and identifying an additional 81 California state court Lipitor cases that "involve common questions of fact and law with the cases identified in Judge Weintraub's request" also constitutes an affirmative proposal for joint trial that triggers removal of those cases as well under CAFA. As noted above, the coordination trial judge ordered these actions added to the Lipitor JCCP.

14.    Accordingly, the first requirement of mass action removal is satisfied.

## B.    The Amount in Controversy Is Satisfied

15.    Both the individual $75,000 and aggregate $5,000,000 amount in controversy requirements for mass action removal are readily satisfied. *See* 28 U.S.C. §§ 1332(a), (d)(2), (d)(11)(B)(i).[3]

16.    First, it is apparent from the face of the Complaint, and the serious nature of the injuries alleged by each Plaintiff—type 2 diabetes—that the amount in controversy exceeds $75,000 for each Plaintiff, just as for the claims in the other

___

[3]    Pfizer does not, however, concede that Plaintiffs would be entitled to any of the relief sought in the Complaint.

actions embraced by the California Lipitor Coordination.

17.     Where, as here, Plaintiffs allege serious bodily injuries, courts have readily found that the amount-in-controversy requirement is satisfied.  *See In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001).  In addition, compensatory and punitive damages in excess of the jurisdictional amount of $75,000 have been awarded in products liability cases in California.  *See, e.g.*, *Stewart v. Union Carbide Corp.*, 117 Cal. Rptr. 3d 791, 804 (Cal. Ct. App. 2010); *Karlsson v. Ford Motor Co.*, 45 Cal. Rptr. 3d 265, 282-83 (Cal. Ct. App. 2006); *Jones v. John Crane, Inc.*, 35 Cal. Rptr. 3d 144, 161 (Cal Ct. App. 2005).  Other federal courts have thus concluded that the amount in controversy exceeded $75,000 in similar pharmaceutical cases.  *See, e.g.*, *Smith v. Wyeth Inc.*, 488 F. Supp. 2d 625, 630-31 (W.D. Ky. 2007) (denying motion to remand); *accord Copley v. Wyeth, Inc.*, 2009 WL 1089663, at *2-3 (E.D. Pa. Apr. 22, 2009).  In addition, because Plaintiffs' demands for punitive damages are also included in the amount in controversy, *see Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007), it is evident, from the face of the Complaint that the amount of recovery sought by each Plaintiff exceeds $75,000.

18.     Second, because each individual Plaintiff's claim exceeds $75,000, the aggregate amount in controversy for this mass action, which embraces the claims of thousands of individual plaintiffs, necessarily exceeds $5,000,000.

19.     Accordingly, the amount-in-controversy requirement is satisfied.

**C.     The Diversity Requirement Is Satisfied**

20.     The diversity requirements for mass action removal have been satisfied. *See* 28 U.S.C. § 1332(d)(2)(A).  While diversity removal normally requires complete diversity between plaintiffs and defendants, for removal of a mass action, only "minimal diversity" is required—i.e., that at least one plaintiff be diverse from one defendant.  *See id.*  This requirement is readily satisfied here.  Plaintiff Asmik

Adetyan is a citizen of California and therefore diverse from Pfizer, a citizen of Delaware and New York. *See Adamyan* Compl. ¶¶ 2, 34 (attached within Ex. B).

21. Accordingly, all the jurisdictional requirements of mass action removal are satisfied.

## II.   PFIZER HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

22. In order to efficiently litigate the issue of mass action jurisdiction, Plaintiffs have agreed to waive any argument that removal is untimely provided removal was accomplished within 30 days of the coordination trial judge's most recent order adding cases. The Ninth Circuit has held that "[t]he statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980). Therefore, "[a]lthough the time limit is mandatory and a timely objection to a late petition will defeat removal, a party may waive the defect or be estopped from objecting to the untimeliness by sitting on his rights." *Id. See also Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

23. Where the Plaintiff has "waived any procedural defect in the removal ... the district court lack[s] the authority to remand *sua sponte*." *Corona-Contreras v. Gruel*, 857 F.3d 1025, 1030 (9th Cir. 2017) (specifically holding "that the district court exceeded its authority under § 1447(c) in *sua sponte* ordering a remand based on a procedural defect in the removal from state court."). Accordingly, the Court need not consider the timeliness of removal.

24. For purposes of mass action removal, consent to removal by other Defendants is not required. *See* 28 U.S.C. § 1453(b).

25. For purposes of mass action removal, McKesson's forum citizenship is not a bar to removal. *See* 28 U.S.C. § 1453(b).

26.     These actions, pending in the California Superior Court of Los Angeles County, are being removed to the district and division embracing the place where the actions are pending. *See* 28 U.S.C. § 1441(a).

27.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Pfizer, including the Complaints in each affected action, are attached collectively as Exhibit B-1 through B-156.

28.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Superior Court of the County of Los Angeles.

WHEREFORE, Pfizer respectfully removes to this Court as a single mass action the following actions pending in the coordinated proceeding in the Superior Court of the County of Los Angeles, in the State of California:

| Case Name (Lead Plaintiff) | State Court Docket Number |
| --- | --- |
| Adamian, Mary | BC537296 |
| Adamyan, Alida | BC538067 |
| Adatan, Norma | BC637353 |
| Alanis, Maria | 13-CE-CG02977 |
| Alberstone Maye | BC537393 |
| Alexander, Patricia | BC659589 |
| Alexander-Jackson, Luretta | BC537893 |
| Allison, Josefina | BC638755 |
| Alston, Joan | BC630499 |
| Alvarado, Sylvia | BC645073 |

| Case Name (Lead Plaintiff) | State Court Docket Number |
|---|---|
| Anderson, Gladys | BC538088 |
| Andres, Dorothy | BC537635 |
| Antonelli, Carole | BC655821 |
| Artz, Vivia | BC635793 |
| Ashley, Gloria | BC597288 |
| Avila, Vicky | BC537532 |
| Avila, Venicia | BC664367 |
| Azzam, Mazal | BC537600 |
| Bagdasarian, Clara | BC537311 |
| Bagliere, Theresa | BC615571 |
| Bailey, Denelle | BC536974 |
| Baker, Tonya | BC635991 |
| Baker, Mary | BC642382 |
| Banks, Patricia | BC537645 |
| Banks, Juanita | BC536936 |
| Barringer, Bessie | BC640576 |
| Batista, Antonia | BC669583 |
| Beima, Phyllis | BC537770 |
| Beneda, Shari | BC583448 |
| Benons, Maizy | BC537848 |

10

NOTICE OF REMOVAL

| Case Name (Lead Plaintiff) | State Court Docket Number |
|---|---|
| Blackmore, Dena | BC643523 |
| Boles, Joni | BC632342 |
| Bowser, Martha | BC537143 |
| Bradley, Michelle | BC558396 |
| Brooks, Teresa | BC619090 |
| Brown, Angela | BC667266 |
| Brown, Frankie | BC536012 |
| Brown, Mildred Lois | BC627217 |
| Calabretta, Adelle | BC537652 |
| Campbell, Sharon | BC623414 |
| Carbajal, Maria | BC538103 |
| Caro, Amy | BC582062 |
| Carpenter, Rose | BC631286 |
| Chaffee, Vicky | BC629051 |
| Choate, Doris | BC537844 |
| Clemente Salvo, Jocelyn | BC536162 |
| Collins, Kim | BC552092 |
| Constant, Marion | BC537142 |
| Curley, Loretta | BC536939 |
| Davis, Kathleen | CGC-14-537611 |

11
NOTICE OF REMOVAL

| Case Name (Lead Plaintiff) | State Court Docket Number |
|---|---|
| Davis, Michelle | BC586171 |
| Davis, Carolyn | BC648688 |
| Davis, Cynthia Faye | BC631285 |
| Davis, Valerie | 34-2013-00151922 |
| Dearmore, Wanda | BC536754 |
| DeBay, Elizabeth | BC620597 |
| Diaz, Imelda | BC537248 |
| Dow, Ravyne | BC533634 |
| Elliott, Helen | BC554988 |
| English, Ruth | BC536937 |
| Feberdino, Regina | BC538066 |
| Fernandez, Bernadette | BC537531 |
| Franzone, Linda | BC538104 |
| Frields, Emma | BC536932 |
| Garcia, Juana | BC537846 |
| Garcia, Priscilla | BC593065 |
| Gibson, Barbara | BC627824 |
| Gray, Zurita | BC536938 |
| Hare, Ruby | BC537836 |
| Harris, Dorthy-Byrd | BC674644 |

| Case Name (Lead Plaintiff) | State Court Docket Number |
|---|---|
| Harris, Louise | BC537346 |
| Hill, Jessie | BC537845 |
| Hodges, Rose | BC537348 |
| Isrel, Tomie | BC536931 |
| Jackson, Myrle | BC622449 |
| Jamshidi, Pari | BC605794 |
| Johnson, Brenda | BC537046 |
| Johnson-Wilson, Granieta | BC560896 |
| Jones, Amal | BC645186 |
| Jordan, Darlene | BC536930 |
| Kelley, Susan | BC537297 |
| Kessler, Jeri | BC537074 |
| Kessner, Bonnie | BC537298 |
| King, Mattie | BC537847 |
| Kloss, Judy | BC564968 |
| Kruenegel, Donna | BC537292 |
| Lessem, Rachel | BC652140 |
| Lewis, Patricia | BC535923 |
| Little, Loretta | HG14-714753 |
| Lorentzen, Susan | BC677995 |

NOTICE OF REMOVAL

| Case Name (Lead Plaintiff) | State Court Docket Number |
|---|---|
| Lubenko, Cheri | 13-cv-8470 |
| Lubniewski, Joyce | BC537410 |
| McClain, Deborah | BC537313 |
| McKenzie, Pamela | BC537271 |
| Medina, Theresa | BC537314 |
| Mehta, Pallavi | BC537045 |
| Mejia, Blanca | BC537851 |
| Miller, Judy | BC536855 |
| Monreal, Genevieve | BC620308 |
| Obuch, Nina | BC536974 |
| Owens, Clara | BC537002 |
| Owhady, Shahla | BC535854 |
| Parker, Sharon | CIVDS1311371 |
| Perlhefter, Anita | BC592059 |
| Peters, Annette | CGC-14-537609 |
| Pierce, DeAnn | BC537141 |
| Powell, Tonisha | BC537850 |
| Queen, Aleene | BC611182 |
| Quillin, Kay | BC666508 |
| Reynolds, Shirley | BC537946 |

14

NOTICE OF REMOVAL

| Case Name (Lead Plaintiff) | State Court Docket Number |
|---|---|
| Richard, Deloris Ann | BC535893 |
| Richards, Alma | CIVRS1306724 |
| Rivington, Deberah | BC536942 |
| Roberts, Jonna | BC609198 |
| Roberts-Anderson, Candacy | BC536941 |
| Robinson, Janice | BC536358 |
| Rouda, Marilyn | CGC-14-537608 |
| Roy, Linda | BC536940 |
| Sanchez, Ann | BC568284 |
| Santiago, Magda | BC576975 |
| Scott, Elaine | BC556545 |
| Scully, Sharal | BC625835 |
| Siegel, Segalilt | BC536933 |
| Sims-Lewis, Willie | BC537470 |
| Smalley, Judith | BC571105 |
| Smith, Nadine | BC594196 |
| Smith, Lawana | BC617993 |
| St. Jean, Pauline | BC589684 |
| Stark, Patricia | RG14719217 |
| Stegall, Shary | BC585392 |

NOTICE OF REMOVAL

| Case Name (Lead Plaintiff) | State Court Docket Number |
|---|---|
| Stevens, Betty | BC599866 |
| Taime, Mixdalia | BC595160 |
| Tate, Charlene | 37-2013-00067338 |
| Tillery, Marline | BC645478 |
| Valentine, Ouida | BC537052 |
| Wakabayashi, Edith | BC518223 |
| Watson, Linda | BC553501 |
| Watts, Elizabeth Ann | BC538131 |
| Weaver, Sylvia | FCS043259 |
| Weisman, Lori Ann | BC536163 |
| Whitaker, Lena | BC537924 |
| Whitney, Robyn | BC573889 |
| Williams, Chasa | CIVDS1312865 |
| Williams, Julie | BC573918 |
| Williams, Patricia | BC627979 |
| Williams, Fiette | BC536934 |
| Williams, Jewel | BC539180 |
| Williams, Marilyn | BC536935 |
| Williams, Rose | BC537852 |
| Willis, Donna | BC537140 |

16
NOTICE OF REMOVAL

| Case Name (Lead Plaintiff) | State Court Docket Number |
|---|---|
| Wilson, Gloria | BC580553 |
| Wood, Patsy | BC652781 |
| Xochrhua, Maria | BC647065 |
| Yaker, Ruth | BC593129 |
| Yudson, Emilya | BC604980 |
| Zullo, Joy | BC537849 |

Dated:  March 1, 2018

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:  /s/   J.D. Horton
          J.D. Horton
*Attorneys for Defendant Pfizer Inc.*